**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOBBY JACKSON,**

                          **Plaintiff,**

**-vs-**                                                        **Case No.  6:06-cv-217-Orl-19KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (Doc. No. 6)**
>
> **FILED:**      **July 31, 2006**

**I.   PROCEDURAL HISTORY.**

      On February 21, 2006, Plaintiff Bobby Jackson filed a complaint seeking review of a decision by the Commissioner of Social Security denying his application for benefits under the Federal Old Age, Survivors and Disability Insurance Program (OASDI), 42 U.S.C. § 401, *et seq*., and under the Supplemental Security Income for the Aged, Blind, and Disabled Program (SSI), 42 U.S.C. § 1382, *et seq*.  Doc. No. 1.  On July 31, 2006, the Commissioner filed Defendant's Motion to Dismiss or, in the Alternative Motion for Summary Judgment.  Doc. No. 6.  In support of the motion, the Commissioner submitted the Declaration of Patrick J. Herbst, the Chief of Court Case

Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and portions of the administrative record in this case. Doc. No. 6-2.[1]

Because the Commissioner relied on evidence outside the pleadings in support of her motion, I entered an order advising the parties that I would treat the motion as a motion for summary judgment and take the motion under consideration on August 31, 2006. Doc. No. 7. Jackson responded to the motion, doc. no. 8, but he did not submit any evidence in support of his response. The matter is now ripe for review.

## II.     STATEMENT OF UNDISPUTED FACTS.

The administrative record indicates that Jackson filed applications for OASDI and SSI benefits with a protective filing date of March 2001. The applications were denied initially and on reconsideration. A hearing was held before an administrative law judge (ALJ), at which Jackson and a vocational expert testified. The ALJ later issued a decision finding that Jackson was not entitled to benefits. Jackson requested review of that decision by the Appeals Council, which denied the request. Thereafter, Jackson filed a complaint in this Court.    Doc. No. 6-2 at 19-20; *see also Jackson v. Comm'r of Soc. Sec.*, No. 6:03-cv-1689-Orl-DAB.

While his case was still pending before this Court, Jackson filed subsequent applications for benefits under OASDI and SSI alleging a disability onset date of April 2001. Doc. No. 6-2 at 19. Thereafter, the Commissioner moved for the entry of judgment in the case pending in this Court with remand "[t]o allow the administrative law judge (ALJ) to consolidate this case with any

---

[1] The attachment includes Herbst's declaration and two exhibits. For the sake of clarity, I will refer to the page number of the .pdf document filed in the Court's CM/ECF system.

subsequent claims filed by Plaintiff," to update the medical record, and to obtain clarification from a physician. *Jackson*, No. 6:03-cv-1689-Orl-DAB, doc. no. 23. This motion was granted, and on August 24, 2004, the Court reversed and remanded under sentence four of 42 U.S.C. § 405(g). *Id.*, doc. no. 24.

Following remand, the Appeals Council vacated the prior ALJ decision and directed that "the court remand case be consolidated with any subsequent claims filed by the claimant." Doc. No. 6-2 at 20. Accordingly, the ALJ consolidated the applications that had been the subject of the previous complaint with the later filed applications. *Id*. Because the later filed applications covered a slightly shorter period that the original applications, the ALJ treated them as duplicate applications. *Id*.

Pursuant to the remand order, the ALJ held a supplemental hearing on the consolidated applications. On October 19, 2005, the ALJ issued a second decision denying Jackson's applications for benefits. *Id*. at 16.

On October 28, 2005, the non-attorney representative who represented Jackson before the Social Security Administration (SSA) filed a Request for Review of Hearing Decision. *Id*. at 37. The request indicates that the basis of the request would be set out in a letter to follow, *id.*, but no such letter is included in the record before the Court.[2] Herbst avers that "[t]hese exceptions are still pending before the Appeals Council." *Id.* at 2-3.

### III.    STANDARD OF REVIEW.

---

[2] The request bears a "Received" stamp dated December 8, 2005, but there is no indication who placed this stamp on the document. Herbst avers that the request was filed with the Appeals Council on October 28, 2005. Doc. No. 6-2 at 2-3.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once that showing has been made, the burden shifts to the party opposing the motion to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted). To meet this burden, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleading[.]" Fed. R. Civ. P. 56(e).

**IV.   ANALYSIS.**

The Commissioner contends that Jackson failed to exhaust his administrative remedies, and, therefore, that this Court does not have jurisdiction over the case. Jackson contends under the applicable regulations, the decision of the ALJ became the final decision of the Commissioner following remand and that Appeal Council review was not required or effectively sought. In the event the Court determines that he has not exhausted his administrative remedies, Jackson requests that the Court stay the present action pending resolution of any proceedings in the Appeals Council.

   *A.   Applicable Law.*

To place this dispute in context, a review of the applicable statutes and regulations is necessary. This Court has subject matter jurisdiction to review a decision of the Commissioner of Social Security only pursuant to 42 U.S.C. § 405(g). This section provides that a claimant may obtain judicial review of "any final decision of the Commissioner of Social Security." *Id*. If a claimant fails to exhaust administrative remedies, as required by § 405(g), there is no final decision and a district court cannot obtain subject matter jurisdiction over the matter. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Heckler v. Ringer*, 466 U.S. 602, 627 (1984) ("Congress, in § 405(g) and § 405(h) . . . requir[ed] that administrative remedies be exhausted before judicial review of the Secretary's decisions takes place.").[3] This Court may not proceed unless its subject matter jurisdiction is clear. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004).

Generally, to comply with the administrative exhaustion requirements, a claimant must request Appeals Council review within sixty days of his receipt of the ALJ's decision. 20 C.F.R. §§ 404.968, 416.1468. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

One exception to the exhaustion requirement is when a federal court previously considered and remanded the case. In such cases, "the Appeals Council . . . may make a decision, or it may

---

[3] In *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997), the United States Court of Appeals for the Eleventh Circuit held that "[e]xhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority . . . ." None of these bases appear in this case.

remand the case to an [ALJ] with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. §§ 404.983, 416.1483.

"[W]hen a case is remanded by a Federal court for further consideration, the decision of the [ALJ] . . . become[s] the final decision of the Commissioner after remand . . . unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. §§ 404.984(a), 416.1484(a). "The Appeals Council may assume jurisdiction based on written exceptions to the decision of the administrative law judge . . . file[d] with the Appeals Council" within thirty days, or by itself within sixty days of the date of the ALJ's decision. *Id.* "If no exceptions are filed and the Appeals Council does not assume jurisdiction [within sixty days] . . . the decision of the [ALJ] becomes the final decision of the Commissioner after remand." *Id*. at (d). In other words, "[w]hen . . . an action has been remanded previously for further consideration, a claimant dissatisfied with the ensuing decision may elect not to file exceptions. If the Appeals Council does not review the case *sua sponte*, the decision [of the ALJ] becomes the Commissioner's final decision after sixty days." *Chamberlin v. Barnhart*, 382 F. Supp. 2d 867, 869 (E.D. Tex. 2005).

If a claimant files exceptions, she must await the decision of the Appeals Council. 20 C.F.R. §§ 404.984(b)(2), 416.484(b)(2); *see also Chamberlin*, 382 F. Supp. 2d at 869 ("Here . . . plaintiff filed exceptions, thus triggering further administrative review, which is not yet complete. Having elected to pursue her additional administrative remedies, plaintiff must await a final decision from the Appeals Council before bringing suit."). If the claimant does not file exceptions, she may file an action in the district court within sixty days after the ALJ's decision becomes the final decision of the Commissioner (*i.e.*, after sixty days for Appeals Council review have lapsed). 42 U.S.C. § 405(g).

### B. *Whether the Complaint is Properly Before this Court.*

The undisputed evidence before the Court indicates that the Appeals Council has assumed jurisdiction to review the ALJ's decision made after this Court's remand. Whether it did so as a result of treating the Request for Review filed by Jackson's representative as an exception or it did so *sua sponte* is not important. The Appeals Council having assumed jurisdiction, the governing regulations require that Jackson wait until that review is concluded before filing a complaint in this Court.

Furthermore, even if the Appeals Council had not assumed jurisdiction over the ALJ's decision after remand, it is not clear that this Court could exercise subject-matter jurisdiction directly over the ALJ's decision because the decision addresses applications that were not filed at the time Jackson filed his original complaint in this Court.

I have been unable to find any case law directly addressing this question. Because the later filed applications had not become final by the time the Court entered its order of remand, the Court could not have obtained jurisdiction over them as part of the original case. Because Jackson's representative filed the Request for Review form used to seek Appeals Council review of denial of applications, and Herbst averred that the request for Appeals Council review is pending before the Appeals Council, it appears that the parties originally treated the later filed applications as subject to the regular administrative review procedures. Because the Commissioner has not yet reached a final decision on Jackson's consolidated applications, there is not a final decision on the later filed applications over which this Court could exercise subject matter jurisdiction. Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Serv.*, 365 F.3d at 1295, and because it does not appear that Jackson would be prejudiced because the Appeals

Council has accepted the request to review the ALJ's decision on the original and later filed applications, there is no reason to stay the case rather than dismissing it without prejudice pending completion of the Appeals Council's review.

## V. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, doc. no. 6, be **GRANTED** and the action be dismissed without prejudice. Counsel for the Commissioner is directed to serve a copy of this Report and Recommendation on the Appeals Council. Counsel for Jackson should promptly serve on the Appeals Council his statement of the reasons for the challenge to the ALJ's decision on remand if such a statement has not previously been tendered in support of the request for review.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 14, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy